# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

BENJAMIN DOUGLAS DICKEY,    )
ID # 04028680,    )
       Plaintiff,    )
vs.    )    No.  3:04-CV-1398-K (BH)
    )    ECF
JIM BOWLES, et al.,    )    Referred to U.S. Magistrate Judge
       Defendants.    )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

In June 2004, plaintiff, an inmate incarcerated in the Dallas County Jail, filed this civil action pursuant to 42 U.S.C. § 1983 against former Sheriff of Dallas County Jim Bowles[1] and the Dallas County Jail.  (*See* Compl. at 1.)  On September 28, 2004, the Court received plaintiff's Answers to Magistrate Judge's Questionnaire wherein he dropped the Dallas County Jail as a defendant and added the Dallas County Sheriff's Office as a defendant.  (*See* Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).)[2]

Plaintiff claims that, "while the custody of Dallas County Sheriff's Office under the care of Jim Bowles [he] was subjected to deliberate indifference to [his] safety and subjected to cruel and

---

[1] Because plaintiff sues Jim Bowles as Dallas County Sheriff, the Court will generally refer to him in that manner for ease of reference.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

unusual punishment." (Answer to Question 1 of MJQ.)  His claims concern an attack by a mentally

ill inmate that occurred on April 28, 2004.  (*Id.*; Compl. at attached page.)  He seeks monetary

damages.  (Compl. at 4.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner

seeking redress from a governmental entity and an officer or employee of such entity, plaintiff's

complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*,

156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding *in forma pauperis*, his  complaint is

also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious,

if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a

defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an

indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact when it des-

cribes "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon

which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d

768, 769 (N.D. Tex. 2000).

### III.  SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 against a sheriff and his office for injuries resulting from an attack by another inmate.  Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

#### A. <u>Claims Against Sheriff</u>

Plaintiff sues Sheriff Bowles because he was "under his care."  In order to prevail against a supervisor such as Sheriff Bowles under 42 U.S.C. § 1983, the plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right.  *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).  The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  There must be some showing of personal involvement by a particular individual defendant to prevail against such individual.  *Id.*; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this instance, plaintiff does not allege personal involvement by Sheriff Bowles.  Plaintiff makes no allegations that the Sheriff directly caused the alleged constitutional violations, or that he was deliberately indifferent to a violation of plaintiff's constitutional rights.  Plaintiff identifies no

specific incident or causative link between his claims and conduct on the part of Sheriff Bowles.  He makes no allegations of any policy that impinged his constitutional or federally protected rights. Plaintiff's claims against Sheriff Bowles are based, if anything, on his supervisory role as Sheriff of Dallas County.  (*See* Answers to Questions 1 and 4 of MJQ.)  Consequently, such claims should be dismissed.

**B. <u>Claims Against Dallas County Sheriff's Office</u>**

Plaintiff's claims against the Dallas County Sheriff's Office are likewise frivolous.  A plaintiff may not bring a civil rights action against a servient political agency or department, unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.  The Dallas County Sheriff's Office is not a jural entity that can be sued.  *See Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998).  Plaintiff thus seeks relief from an entity that is not subject to suit under § 1983.[3]  Accordingly, his claims against the Dallas County Sheriff's Office are frivolous and subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[3] Because *pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action, *see Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993), the Court informed plaintiff that the Dallas County Jail appeared to be a non-jural entity that is not subject to suit and gave him the opportunity to identify a different defendant, (*see* Question 2 of MJQ).  In response, plaintiff named the Dallas County Sheriff's Department as a defendant.  Plaintiff has thus been accorded an opportunity to amend consistent with *Parker*.  Furthermore, had he persisted with his claims against the Dallas County Jail, such claims would meet the same fate as his claims against the Dallas County Sheriff's Office.  *See Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not a legal entity that can be sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998).

4

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS**
plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Such
dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 13th day of April, 2006.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recom-
mendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who
desires to object to these findings, conclusions and recommendation must file and serve written
objections within ten days after being served with a copy.  A party filing objections must specifically
identify those findings, conclusions, or recommendation to which objections are being made.  The
District Court need not consider frivolous, conclusory, or general objections.  Failure to file written
objections to the proposed findings, conclusions, and recommendation within ten days after being
served with a copy shall bar the aggrieved party from appealing the factual findings and legal
conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds
of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding
> under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious physical injury.